**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVONNE SILVA, individually and on behalf of all others similarly situated, | Civil Action No.: 20-CV-9745 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| VICTORIA'S SECRET STORES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff YVONNE SILVA ("Plaintiff" or "Named Plaintiff") brings this class action for damages and other legal and equitable relief against the Defendant VICTORIA'S SECRET STORES LLC ("Defendant"), upon personal knowledge as to herself and upon information and belief as to all others similarly situated ("Class Plaintiffs" or the "Class"), for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

1.      This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and the Class amounting to class claims of violations of Federal and State wage and hour laws.

## PARTIES

2.      Plaintiff is a resident of the State of New York.

3.      Upon information and belief, Defendant is foreign corporation organized pursuant to the laws of the State of Delaware.

4.      Defendant owns and operates retail stores throughout New York State.

1

5.      Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

6.      Upon information and belief, at all relevant times, Defendant was an "employer" within the meaning of all applicable statues, and an enterprise engaged in commerce as defined by the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

7.      Plaintiff was throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL and the FLSA. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9.      The damages sought for Plaintiff individually, inclusive of attorneys' fees, are in excess of $75,000.

10.      Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

11.      The damages sought on a class-wide basis, inclusive of attorneys' fees, are in excess of $5,000,000.

12.      Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

13.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor law.

14.      Venue is further proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of all manual workers who were employed at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

16.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). Plaintiff seeks to represent a class consisting of similarly situated employees who worked for Defendants in New York as non-exempt hourly workers (the "Class").

17.     Hereinafter, members of the Class will be referred to as "Class Plaintiffs."

18.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the Class is believed to be in excess of 1,000 individuals. In addition, the names of all potential members of the Class are not known.

19.     The Class Plaintiffs are manual workers as defined in the New York Labor Law, having spent more than 25% of their working time engaged in physical labor.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21.     Plaintiff has identified several causes of action applicable to the Class, including, but not necessarily limited to, Defendant's: (a) failure to compensate Class Plaintiffs for all hours worked; (b) failure to pay Class Plaintiffs all commissions earned; (c) failure to compensate Class Plaintiffs for overtime hours worked, including at the statutory overtime rate of pay; (d) failure to

timely pay Class Plaintiffs all wages owed; (e) failure to provide Class Plaintiffs with accurate wage statements accompanying each payment of wages; and (f) failure to provide Class Plaintiffs with a hiring notice at or before their times of hire.

22.    There is no conflict between Plaintiff and any other member of the Class.

23.    The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

    a.  whether Plaintiff and Class Plaintiffs worked hours for which they were not compensated;

    b.  whether Plaintiff and Class Plaintiffs earned commissions that were not paid;

    c.  whether Defendant provided Plaintiff and Class Plaintiffs with a hiring notice at or before their time or hire or any time thereafter;

    d.  whether Defendant provided Plaintiff and Class Plaintiff with accurate statements accompanying each payment of wages;

    e.  the damages to which Plaintiff and Class Plaintiffs are entitled due to the Defendant's repeated delayed payment of wages under NYLL § 191(1).

24.    The Plaintiff's claims are typical of the claims of the class she seeks to represent. Plaintiff and all of the Class members work, or have worked, in the State of New York for Defendant. They all spent at least 25% of their time engaged in manual labor.

25.    Plaintiff and Class Plaintiffs were all subject to Defendants' policies and willful practices of failing to pay employees all earned wages, and thus, Plaintiffs and Class Plaintiffs have sustained similar injuries as a result of Defendants' actions.

26.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and all procedures to non-exempt hourly employees who work at Defendants' locations in New York.

27.     Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

28.     The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

29.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

31.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests

**FACTS**

32.     All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

33.     Plaintiff was employed by Defendant from approximately September 2017 through February 2020.

34.     Plaintiff was not provided a hiring notice at or before her time of hire nor any time thereafter.

35.     Plaintiff performed work for Defendant in New York State.

36.     Plaintiff spent at least 25% of her time engaged in physical labor.

37.     Plaintiff was a manual worker.

38.     Throughout her employment with Defendant, Plaintiff was paid on a bi-weekly basis.

39.     Defendant employs manual workers in the State of New York.

40.     New York Labor Law § 191 requires Defendant to pay manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

41.     Under NYLL § 191(1)(a)(i) & (ii), an employer may obtain authorization from the commissioner of labor to pay manual workers "in accordance with the agreed terms of employment, but not less frequently than semi-monthly."

42.     Upon information and belief, Defendant is not authorized by the commissioner to pay manual workers, including the Plaintiff, on a bi-weekly basis.

43.     Defendant failed to compensate Plaintiff for all hours worked.

44.     Plaintiff was required to clock in and out every shift using Defendants timekeeping system.

45.     Defendant did not pay Plaintiff based off of the hours worked and entered into Defendant's timekeeping system, instead , each pay period, Defendant would pay Plaintiff for an arbitrary amount of hours that were less than the actual amount of hours worked by Plaintiff.

46.     Upon information and belief, managers of Defendant would log into Defendant's timekeeping system, and using their administrative privileges, alter Plaintiff's hours to reflect less time than she actually worked.

47.     This resulted in Plaintiff being paid a reduced amount of straight and overtime wages.

48.     For example, for the pay period of December 15, 2019 through December 28, 2019, Plaintiff was paid for fewer hours than she actually worked. On December 27, 2020 Plaintiff did not take a break. However, a manager of Defendant did edit Plaintiff's time to add in a break that Plaintiff did not take resulting in Plaintiff being paid less wages than she was entitled.

49.     Further, Defendant did not pay Plaintiff all commissions which she had earned.

50.     At the start of her employment, Defendant agreed to pay Plaintiff a 6% commission on all sales that Plaintiff made. Plaintiff had earned in excess of $1,000 in commissions that were due but not paid.

51.     Defendant, without notice to Plaintiff, attempted to change the terms of the commission agreement after these commissions had already been earned. Despite this, Defendant never paid any amount of the amount exceeding $1,000 to Plaintiff.

52.     Defendant and Plaintiff never entered into a written agreement regarding commissions other than the agreement for 6% of all sales.

53.     Plaintiff was entitled to a commission of 6% of all sales made throughout the entire duration of her employment.

54.     Plaintiff was deprived of commissions of 6% of all sales made from the time that Defendants changed the commission formula through the end of her employment.

55.     Because of Defendant's improper compensation policies, Plaintiff was deprived of straight pay, overtime pay, and commissions in direct violation of the NYLL.

56.     As a result of Defendant's intentionally paying Plaintiff for fewer hours than she actually worked, the statements that Plaintiff received accompanying the payment of wages were inaccurate.

57.     This pattern of conduct was continuous throughout Plaintiff's employment.

58.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the Fair Labor Standards Act - Overtime**

59.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

60.    Plaintiff and the Class were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

61.    This practice is in violation of the Fair Labor Standards Act.

62.    Due to Defendant's violations of the FLSA, Plaintiff and the Class are entitled to recover from Defendant the difference between the amount they were actually paid, and the amount that they should have been paid had Defendant paid them overtime at the rate of time and on half their base rate of pay for hours worked over 40 in any week. In addition, Plaintiff and the Class are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**<u>For Violation of the New York Labor Law - Overtime</u>**

63.    Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

64.    Plaintiff and the Class were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

65.    This practice is in violation of the New York Labor Law.

66.    Due to Defendant's violations of the New York Labor Law, Plaintiff and the Class are entitled to recover from Defendant the difference between the amount they were actually paid, and the amount that they should have been paid had Defendant paid them overtime at the rate of time and on half their base rate of pay for hours worked over 40 in any week. In addition, Plaintiff and the Class are entitled to recover liquidated damages equal to 100% of the underpayment, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
<u>**For Violation of the New York Labor Law – Timely Pay**</u>

67.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

68.     The wage provisions of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

69.     Plaintiff and the Class were manual workers as defined by the NYLL.

70.     Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, 650, and 652 the Defendant has willfully failed to pay Plaintiff wages for all hours worked in a timely fashion as set forth in the preceding paragraphs of this Complaint to Plaintiff.

71.     Defendant failed to timely pay Plaintiff and Class Plaintiffs the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations on a weekly basis.

72.     By Defendant's knowing and/or intentional failure to timely pay Plaintiff and Class Plaintiffs all wages and commissions, Defendant has knowingly violated the NYLL and other supporting New York Department of Labor Regulations.

73.     Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant 100% liquidated damages for each failure to timely pay wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
<u>**For Violation of the New York Labor Law - Wage Statements**</u>

74.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

75.     Defendant willfully failed to supply Plaintiff and the Class, as required by NYLL § 195(3) with an accurate statement with every payment of wages listing: the dates of work covered

by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; regular hourly rate or rates of pay; the overtime rate or rates of pay;

the number of regular hours worked, and the number of overtime hours worked.

76.     Defendant through its knowing or intentional failure to provide Plaintiff and the

Class with accurate wage statements willfully violated the NYLL.

77.     Due to Defendant's willful violation of the NYLL, Plaintiff, and each member of

the Class, are entitled to statutory damages of $250 for each day that Defendant failed to provide

them with an accurate wage statement, to a maximum of $5,000 each, plus reasonable attorneys'

fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**<u>For Violation of the New York Labor Law – Hiring Notice</u>**

78.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

79.     Defendant did not provide Plaintiff or the Class, at their time of hire, or any time

thereafter, a hiring notice, required by NYLL § 195(1), including *inter alia*; rate or rates of pay,

including overtime rate of pay; how Plaintiff and the Class were to be paid: by the hour, shift, day,

week, commission, etc.; regular payday; official name of the employer and any other names used

for business (DBA); address and phone number of the employer's main office or principal location;

and allowances taken as part of the minimum wage (tips, meal and lodging deductions).

80.     Defendant willfully failed to supply Plaintiff and the Class, as required by NYLL,

with a hiring notice.

81.     Due to Defendant's willful violation of the NYLL, Plaintiff, and each member of the Class are entitled to statutory damages of $50 for each day that Defendant failed to provide them with a hiring notice, to a maximum of $5,000 each, plus reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law – Failure to Pay Wages**

82.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

83.     The wage provisions of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

84.     Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, 650, and 652 the Defendant has willfully failed to pay Plaintiff wages for all hours worked as set forth in the preceding paragraphs of this Complaint to Plaintiff.

85.     By arbitrarily and unilaterally reducing Plaintiff's and the Class's hours in the timekeeping system, despite Plaintiff and the Class working those hours, Defendant has failed to pay Plaintiff and Class Plaintiffs the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations.

86.     Defendants failed to pay Plaintiff and Class Plaintiffs the commissions to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations.

87.     By Defendant's knowing and/or intentional failure to pay Plaintiff and Class Plaintiffs all wages, Defendant has knowingly violated the NYLL and other supporting New York Department of Labor Regulations.

88.     Due to Defendant's violations of the NYLL, Plaintiff and Class Plaintiffs are entitled to recover from Defendant the difference between the amount they were actually paid, and the amount that they should have been paid had Defendant paid them all wages and commissions. In addition, Plaintiff and Class Plaintiffs are entitled to recover liquidated damages equal to 100% of the underpayment, reasonably attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, respectfully requests that this Court grant the following relief:

1.      Certification as a class as described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.      Designation of Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

3.      All damages which Plaintiff and Class Plaintiffs have sustained as a result of Defendant's conduct, including:

a.   Actual damages;

b.   Liquidated damages equal to 100% of actual damages;

c.   Liquidated damages equal to 100% of untimely wage payments;

d.   An award of statutory damages for each workday that Defendant failed to provide Plaintiff and the Class with an accurate wage statement, or a total of $5,000 each; and

e.   An award of statutory damages for each workday that Defendant failed to provide Plaintiff and the Class with a hiring notice, or a total of $5,000 each;

4.     Awarding Plaintiff and the Class their costs and disbursements incurred in connection with this action including reasonable attorneys' fees;

5.     Pre-judgment and post-judgment interest, as provided by law; and

6.     Granting such other and further relief as this Court deems necessary and proper.

Dated: Commack, New York
      November 19, 2020

James Bouklas, Esq.
Bouklas Gaylord LLP
*Attorneys for Plaintiffs*
357 Veterans Memorial Highway
Commack, NY 11725
Phone: (516) 742-4949
james@bglawny.com