# **FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT**

This Fair Labor Standards Act Settlement and Release Agreement (the "Agreement") is made and entered into by and between Yvonne Silva ("Silva") and Victoria's Secret Stores, LLC ("VSS") on the dates executed below.

WHEREAS, Silva filed a lawsuit in the United States District Court for the Southern District of New York, styled <u>Yvonne Silva v. Victoria's Secret Stores, LLC</u>, Case Number 1:20-cv-09745-JGK (the "Action"), in which Silva asserts various wage and hour claims against VSS; and

WHEREAS, in the First Cause of Action in the Action, Silva asserts claims against VSS under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"); and

WHEREAS, in the remaining claims in the Action, Silva asserts various claims against VSS under New York state wage and hour law; and

WHEREAS, VSS has asserted defenses to all of the claims alleged in the Action and expressly denies the claims against VSS and any and all liability arising out of the conduct alleged against VSS; and

WHEREAS, there exists a bona fide dispute between Silva and VSS with respect to the issues and claims raised in the Action; and

WHEREAS, the parties desire to resolve the issues and claims that were or could have been embodied in the Action relating to the payment, non-payment, or late payment of wages (including overtime, minimum wage, commissions, premiums, statutory penalties, or liquidated damages) arising out of Silva's employment with VSS; and

WHEREAS, the parties have agreed to enter into two separate settlement agreements: (i) this Agreement, which settles and releases Silva's claims under the FLSA and is subject to Court approval pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015); and (ii) a separate settlement agreement concerning the other, non-FLSA claims raised in the Action (the "Non-FLSA Settlement Agreement and General Release"), which is not subject to Court approval because it does not involve a settlement or release of claims under the FLSA.

NOW, THEREFORE, in consideration of the mutual promises and covenants below, the receipt and sufficiency of which are hereby acknowledged, Silva and VSS agree as follows:

1. <u>No Admission</u>.  This Agreement is in compromise of Silva's disputed FLSA claims between the parties.  This Agreement shall not be construed as an admission by VSS of any violation of the FLSA or any other federal, state, or local statute, regulation, judicial doctrine, or other law.  VSS expressly denies any violation of the FLSA or any other federal, state, or local statute, regulation, judicial doctrine, or other law.

2.  <u>Settlement Payment</u>.  For and in consideration of the promises and other consideration described in this Agreement, and in full and final settlement of any and all rights, claims, or causes of action under the FLSA that Silva may have or may have had against VSS and all other Released Parties (as defined below in Paragraph 6 below), and subject to Court approval of this Agreement and the dismissal with prejudice of Silva's FLSA claims (as described in Paragraph 7 below), VSS shall pay Silva a total sum of $6,590.58, less applicable deductions and withholdings for state and federal taxes, to be divided into three checks as follows:

(a)  A check made payable to Silva in the amount of $2,196.86 less applicable deductions and withholdings for state and federal taxes, for the payment of alleged backpay damages related to Silva's FLSA claims in the Action.  VSS will issue an appropriate Form W-2 to Silva with respect to such payment.

(b)  A check made payable to Silva in the amount of $2,196.86 for alleged liquidated damages related to Silva's FLSA claims in the Action.  VSS will issue an appropriate Form 1099 to Silva with respect to such payment.

(c)  A check made payable to Bouklas Gaylord LLP in the amount of $2,196.86 for the payment of attorneys' fees and costs related to Silva's FLSA claims in the Action.  VSS will issue an appropriate Form 1099 to Silva and Bouklas Gaylord LLP with respect to such payment.

The payments set forth in this Paragraph 2 will be made within fourteen (14) business days after the later of: (1) the date the Court enters the Approval and Order of Dismissal With Prejudice (as defined in Paragraph 7 below); (2) the date that the parties file a Stipulation of Dismissal With Prejudice as to all other claims in the Action as set forth in the separate Non-FLSA Settlement and General Release Agreement; and (3) the date that both Silva and Bouklas Gaylord LLP have each provided to VSS the necessary documentation for VSS to process the payments (e.g., W9 forms).  Silva acknowledges and agrees that each of the three foregoing events are conditions precedent to VSS's obligation to make the payments outlined in this Paragraph 2.

3.  <u>Tax Liability</u>.  Except as otherwise required by applicable law or as otherwise provided herein, Silva agrees that she will be liable for the payment of any taxes, including without limitation, federal, state or local income taxes, social security taxes, or any other taxes, arising out of or resulting from the payments described in Paragraph 2.

4.  <u>Attorneys' Fees and Costs</u>.  Silva acknowledges and agrees that, with the exception of the payment referenced in Paragraph 2(c), she shall be solely responsible for her own attorneys' fees, expenses, and costs in connection with the prosecution of her FLSA claims in the Action.  Under no circumstances shall Silva be deemed a "prevailing party" for purposes of an award of attorneys' fees or costs.

5.  <u>No Effect on Other Benefits</u>.  The payments in Paragraph 2 above will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by VSS (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Agreement will be

compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs, and Silva will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown, as part of her release of claims under this Agreement.

6. <u>Waiver and Release of FLSA Claims by Silva</u>. For and in consideration of the payments set forth in Paragraph 2 of this Agreement, Silva, individually and on behalf of herself, and her agents, attorneys, personal representatives, executors, administrators, heirs, beneficiaries, successors, and assigns, hereby releases, acquits, forever discharges, and promises not to sue the Released Parties (as defined below) from and for any and all claims, causes of action, costs, damages, and expenses under the FLSA, including but not limited to any FLSA claims related to the payment, non-payment, or late payment of any wages (including overtime, minimum wage, commissions, premiums, statutory penalties, or liquidated damages) or any other requirements of the FLSA. For purposes of this Agreement, "Released Parties" means (i) VSS; (ii) any of the past, present, and/or future parents, owners, members, shareholders, subsidiaries, divisions, affiliates, successors, assigns, and predecessors of VSS; and (iii) any past, present, and/or future directors, officers, shareholders, insurers, employees, lawyers, agents, and/or employee benefit or welfare programs or plans of any entity in parts (i) or (ii) of this definition.

7. <u>Dismissal With Prejudice</u>. For and in consideration of the payments set forth in Paragraph 2 of this Agreement, Silva agrees to dismiss with prejudice her FLSA claims in the Action, and she authorizes her attorneys to take all steps necessary to obtain this dismissal. To that end, within five (5) business days after the full execution of this Agreement, Silva shall file with the Court a letter motion seeking entry of an order approving this Agreement and dismissing her FLSA claims in the Action with prejudice ("the Approval and Order of Dismissal With Prejudice"). The letter motion will include this Agreement as an attachment. Silva's counsel will afford VSS's counsel a reasonable time to review and make revisions to the letter motion prior to its filing. If necessary, the parties will appear before the Court for a hearing related to any of the issues raised by the letter motion. Silva agrees and understands that the Court's entry of the Approval and Order of Dismissal With Prejudice is a condition precedent to any obligations of VSS to provide the payments described above in Paragraph 2. If the Court declines to grant approval of this Agreement and/or does not otherwise enter the Approval and Order of Dismissal With Prejudice, the Agreement will be null and void, and Silva and VSS shall return to the *status quo ante*. Silva further agrees not to reinstate any claims under the FLSA or to file, join, opt-in to, or otherwise participate in any other lawsuits, charges, or complaints against the Released Parties involving any claims under the FLSA.

8. <u>No Confidentiality</u>. The parties agree that the terms of this Agreement are not subject to any confidentiality obligations and that either party may disclose the terms of this Agreement.

9. <u>Acknowledgements</u>. Silva acknowledges that she has been given a reasonable period of time to consider this Agreement, that she has reviewed this Agreement with her attorneys, and that she has obtained all advice and counsel that she needs to understand all terms and conditions of this Agreement.

10.     Complete Agreement.  This Agreement supersedes any and all other previous agreements between Silva and VSS with respect to the settlement, release, and waiver of her FLSA claims.  Silva affirms that the consideration for executing this Agreement includes the payments expressly described herein.  Silva further represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any promise, inducement, representation, or statement by VSS about the subject matter, meaning, or effect of this Agreement that is not otherwise stated in this document.

11.     Governing Law.  The terms of this Agreement shall be governed by, and construed and enforced under, New York state law, without regard to New York's rules with respect to choice of law.

12.     Evidentiary Privilege.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and any other comparable rule of evidence.

13.     Execution.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.  Any party's signature on this Agreement that is transmitted by facsimile or electronic means shall be deemed to be an original.

**THE UNDERSIGNED HAVE CAREFULLY READ THIS FLSA SETTLEMENT AND RELEASE AGREEMENT; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.**

YVONNE SILVA

_/s/ Yvonne Silva_____
SIGNATURE

___01/05/2022_____
DATE


**VICTORIA'S SECRET STORES, LLC**


By: _____     DATE: _____


Title: _____

10. <u>Complete Agreement</u>.  This Agreement supersedes any and all other previous agreements between Silva and VSS with respect to the settlement, release, and waiver of her FLSA claims.  Silva affirms that the consideration for executing this Agreement includes the payments expressly described herein.  Silva further represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any promise, inducement, representation, or statement by VSS about the subject matter, meaning, or effect of this Agreement that is not otherwise stated in this document.

11. <u>Governing Law</u>.  The terms of this Agreement shall be governed by, and construed and enforced under, New York state law, without regard to New York's rules with respect to choice of law.

12. <u>Evidentiary Privilege</u>.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and any other comparable rule of evidence.

13. <u>Execution</u>.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.  Any party's signature on this Agreement that is transmitted by facsimile or electronic means shall be deemed to be an original.

**THE UNDERSIGNED HAVE CAREFULLY READ THIS FLSA SETTLEMENT AND RELEASE AGREEMENT; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.**

**YVONNE SILVA**

_____
SIGNATURE

_____
DATE


**VICTORIA'S SECRET STORES, LLC**

By: _____     DATE: _January 6, 2022_____
       Denise R. Slazyk

Title:  _Vice President, Legal_____