

# BOUKLAS GAYLORD
*the workers' rights law firm* LLP

January 5, 2021

*Via ECF*

The Honorable John G. Koeltl
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

   RE: *Silva v. Victoria's Secret Stores, LLC*
      Civil Case No. 20-CV-9745(JGK)

Judge Koeltl,

*[handwritten: The Settlement Agreement of the FLSA claims is approved as fair, reasonable, and adequate. So ordered. 1/12/22  /s/ John G. Koeltl U.S.D.J.]*

My office represents Plaintiff Yvonne Silva ("Plaintiff") in the above-referenced matter. This letter-motion seeks approval of the attached Fair Labor Standards Act Settlement and Release Agreement (the "FLSA Settlement Agreement") for claims Plaintiff brings under the Fair Labor Standards Act ("FLSA") in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015), and with consent of defense counsel. For the reasons set forth in detail below, the Court should approve the FLSA Settlement Agreement and dismiss Plaintiff's FLSA claims with prejudice.

In this action, Plaintiff alleges causes of action under the FLSA and the New York Labor Law ("NYLL") related to her employment with Defendant. The parties engaged in the SDNY FLSA mediation program and have continued settlement discussions thereafter, leading to a settlement of all of Plaintiff's claims in this action. The parties have entered into two separate settlement agreements – (1) the attached FLSA Settlement Agreement covering Plaintiff's FLSA claims, which requires Court approval pursuant to *Cheeks* and (2) a separate, confidential settlement agreement covering Plaintiff's non-FLSA claims, which does not require court approval pursuant to *Cheeks* because it does not compromise or otherwise affect Plaintiff's FLSA rights. If the Court grants this letter-motion and dismisses Plaintiff's FLSA claims with prejudice, the parties will then file a Rule 41(a)(1)(A)(ii) joint stipulation of dismissal with prejudice with respect to Plaintiff's non-FLSA claims, the combined effect of which will be the dismissal of the lawsuit in its entirety.

357 Veterans Memorial Highway  | James Bouklas, Esq., Partner
Commack, New York 11725    | james@bglawny.com
Phone: 516.742.4949
Fax: 516.742.1977       | Mark Gaylord, Esq., Partner
www.wagetheftny.com      | mark@bglawny.com



**Applicable Law**

Today, most courts recognize only two valid ways by which an individual can release or settle a FLSA claim: (1) a Department of Labor ("DOL") -supervised settlement under 29 U.S.C. § 216(c), or (2) a court-approved stipulation of settlement. *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). When presented with a proposed stipulation of settlement of an FLSA private claim, "a court must scrutinize the settlement for fairness and determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D.Ala 2003).

The Supreme Court of the United States has held that: (1) employees may not waive the right to recover liquidated damages due under the FLSA; and (2) that employees may not privately settle the issue of whether an employer is covered under the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697(1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

The Second Circuit concluded that in light of the unique policy considerations underlying the FLSA, that the FLSA is an "applicable federal statute" under the exception in Fed. R. Civ. Pr. 41(a)(1)(A)(ii). *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015). Thus, Rule 41 stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. *Id* at 206. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Courts have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Id.* (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945).

When assessing whether a FLSA settlement is fair and reasonable, Courts consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y 2012) (internal citations omitted).



**The Instant Matter**

The FLSA Settlement Agreement in this case represents a fair and reasonable resolution of the parties' disputes under the FLSA, which represents a claim for unpaid overtime. As noted above, the parties have executed a separate, confidential settlement agreement with respect to those claims brought under the NYLL, and there is no provision in that agreement, including confidentiality, that has any bearing or effect upon Plaintiff's FLSA claims; confidentiality in that agreement does not extend to Plaintiff's FLSA claims or the FLSA Settlement Agreement; and that agreement does not modify or effect the FLSA Settlement Agreement before this Court in any way.

A review of Plaintiff's time and employment records in this matter demonstrates, in Plaintiff's view, a maximum potential FLSA overtime liability of $2,196.86 plus an equal amount in alleged liquidated damages, although Defendant's position is that Defendant owes no wages to Plaintiff. The settlement amount in the FLSA Settlement Agreement is $6,590.58, which represents a 100% recovery of potential liability, plus 100% liquidated damages, and an equal amount for Plaintiff's attorneys' fees and costs in connection with  her FLSA claim. This is an excellent result for Plaintiff that results in a 100% payment of what she believes is owed under the FLSA and is the product of arms-length negotiations with Defendant.

This FLSA Settlement Agreement is further fair in that it contains no confidentiality clauses, and thus, does not run afoul of the FLSA's remedial policy. Additional factors also demonstrate that the proposed settlement is fair and reasonable. Notably, the amounts to be paid pursuant to the FLSA Settlement Agreement, which are sufficient to make Plaintiff whole under the FLSA, make avoiding anticipated burdens and expenses of protracted litigation advisable. *See Wolinsky*, 900 F.Supp.2d at 335. Moreover, the proposed settlement results from the arm's-length negotiations between experienced counsel. *See Id.*

The attorneys' fees of $2,196.86, representing a standard one-third of the settlement amount, is both fair and reasonable. The actual hours worked by Plaintiff's counsel eclipses this amount during the day of the mediation alone. Plaintiff's counsel are experienced litigators who have successfully represented individuals and classes in numerous employment litigations and have extensive experience in labor law cases. Cases handled by Mr. Bouklas and Mr. Gaylord have consistently been approved by the courts in which they were litigated, along with the attorneys' fees requested. Recently, in *Scott v. U.S. Security Associates, Inc.*, Index No. 542982019 (Westchester Sup. Ct. October 15, 2021) the Honorable James W. Hubert recently granted final approval of a class action settlement of $889,415.50 and awarded Bouklas Gaylord attorney's fees of $296,471.83 representing one-third of the settlement fund. Bouklas Gaylord LLP was awarded $100,000 in attorneys' fees and costs, representing one-third of the $300,000 class settlement fund in the matter of *Frederick v. OS Restaurants LLC, Index No.* 151139-2018 (Richmond County



Sup. Ct. March 8, 2021). Bouklas Gaylord LLP was awarded over $87,000 in attorneys' fees and costs, representing one-third of the $261,458.84 class settlement fund in the matter of *Equan Brown v. Dr Smood 1151 Broadway LLC et al.*, 18-CV-8038 in the Southern District of New York in a matter involving improper pay practices. In *LeeAnn Hernandez v. NY4 Pretzels, Inc., et al.*, Index No. 159825-2018 (Queens County Sup. Ct. 2018), the Supreme Court, Honorable Timothy J. Dufficy, recently granted final approval of a $119,500 and awarded Bouklas Gaylord one-third as legal fees. Plaintiffs' Counsel's firm was granted approval for a fee in the amount of one-third of the class settlement fund in the matter of *Kirkland et al. v. Kangaroo Fleet Management NY LLC*, 505299-2018, Kings County Supreme Court Index No. 505299-2018. Settlements in the cases handled by their firm have consistently been approved by the courts in which they were litigated, along with the attorneys' fees requested. See, e.g. *Prince v. Project Renewal, Inc.*, Index No. 160708-2019 (New York County Sup. Ct., Sept. 21, 2021) (Hon. Laurence Love granting final approval of $90,000 class action settlement and awarding Bouklas Gaylord one-third of settlement fund as legal fees); *Davis v. Praxis Housing Initiatives, Inc.*, Index No. 156439-2019 (New York County Sup. Ct., March 3, 2021) (Hon. Laurence Love granting final approval of $75,000 class action settlement and awarding Bouklas Gaylord one-third of settlement fund as legal fees); *Mattone et al. v. Komara et al.*, 15-6395(ADS)(GRB) (E.D.N.Y. 2015); *Dickerson v. 75 Cedar Road Corp. et al*, 17-937 (ADS)(AKT) (E.D.N.Y. 2017); *Howard, et al. v. Home Depot U.S.A., Inc.*, 18-CV-4549 (ILG)(RER) (E.D.N.Y. 2018).

Defendant is represented by Ryan Glasgow, Esq., Hunton Andrews Kurth LLP, counsel with extensive experience in federal and state courts in wage and hour class and collective actions.

**Conclusion**

The FLSA Settlement Agreement entered into by the parties represents a fair and reasonable resolution of Plaintiff's FLSA claims. The FLSA Settlement Agreement is in line with the strong remedial policies of the FLSA, as it ensures that Plaintiff is fully compensated for her claimed lost wages and statutory damages under the FLSA. As such, Plaintiff respectfully requests that the Court approve the FLSA Settlement Agreement as fair and reasonable and enter an order dismissing Plaintiff's FLSA claims with prejudice.

Regards,

James Bouklas, Esq.


Enclosure:  Fair Labor Standards Act Settlement and Release Agreement

4

## FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act Settlement and Release Agreement (the "Agreement") is made and entered into by and between Yvonne Silva ("Silva") and Victoria's Secret Stores, LLC ("VSS") on the dates executed below.

WHEREAS, Silva filed a lawsuit in the United States District Court for the Southern District of New York, styled Yvonne Silva v. Victoria's Secret Stores, LLC, Case Number 1:20-cv-09745-JGK (the "Action"), in which Silva asserts various wage and hour claims against VSS; and

WHEREAS, in the First Cause of Action in the Action, Silva asserts claims against VSS under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"); and

WHEREAS, in the remaining claims in the Action, Silva asserts various claims against VSS under New York state wage and hour law; and

WHEREAS, VSS has asserted defenses to all of the claims alleged in the Action  and expressly denies the claims against VSS and any and all liability arising out of the conduct alleged against VSS; and

WHEREAS, there exists a bona fide dispute between Silva and VSS with respect to the issues and claims raised in the Action; and

WHEREAS, the parties desire to resolve the issues and claims that were or could have been embodied in the Action relating to the payment, non-payment, or late payment of wages (including overtime, minimum wage, commissions, premiums, statutory penalties, or liquidated damages) arising out of Silva's employment with VSS; and

WHEREAS, the parties have agreed to enter into two separate settlement agreements: (i) this Agreement, which settles and releases Silva's claims under the FLSA and is subject to Court approval pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015); and (ii) a separate settlement agreement concerning the other, non-FLSA claims raised in the Action (the "Non-FLSA Settlement Agreement and General Release"), which is not subject to Court approval because it does not involve a settlement or release of claims under the FLSA.

NOW, THEREFORE, in consideration of the mutual promises and covenants below, the receipt and sufficiency of which are hereby acknowledged, Silva and VSS agree as follows:

1.    No Admission.  This Agreement is in compromise of Silva's disputed FLSA claims between the parties.  This Agreement shall not be construed as an admission by VSS of any violation of the FLSA or any other federal, state, or local statute, regulation, judicial doctrine, or other law.  VSS expressly denies any violation of the FLSA or any other federal, state, or local statute, regulation, judicial doctrine, or other law.

2.    <u>Settlement Payment</u>.    For and in consideration of the promises and other consideration described in this Agreement, and in full and final settlement of any and all rights, claims, or causes of action under the FLSA that Silva may have or may have had against VSS and all other Released Parties (as defined below in Paragraph 6 below), and subject to Court approval of this Agreement and the dismissal with prejudice of Silva's FLSA claims (as described in Paragraph 7 below), VSS shall pay Silva a total sum of $6,590.58, less applicable deductions and withholdings for state and federal taxes, to be divided into three checks as follows:

(a)    A check made payable to Silva in the amount of $2,196.86 less applicable deductions and withholdings for state and federal taxes, for the payment of alleged backpay damages related to Silva's FLSA claims in the Action.  VSS will issue an appropriate Form W-2 to Silva with respect to such payment.

(b)    A check made payable to Silva in the amount of $2,196.86 for alleged liquidated damages related to Silva's FLSA claims in the Action.  VSS will issue an appropriate Form 1099 to Silva with respect to such payment.

(c)    A check made payable to Bouklas Gaylord LLP in the amount of $2,196.86 for the payment of attorneys' fees and costs related to Silva's FLSA claims in the Action.  VSS will issue an appropriate Form 1099 to Silva and Bouklas Gaylord LLP with respect to such payment.

The payments set forth in this Paragraph 2 will be made within fourteen (14) business days after the later of: (1) the date the Court enters the Approval and Order of Dismissal With Prejudice (as defined in Paragraph 7 below); (2) the date that the parties file a Stipulation of Dismissal With Prejudice as to all other claims in the Action as set forth in the separate Non-FLSA Settlement and General Release Agreement; and (3) the date that both Silva and Bouklas Gaylord LLP have each provided to VSS the necessary documentation for VSS to process the payments (e.g., W9 forms).  Silva acknowledges and agrees that each of the three foregoing events are conditions precedent to VSS's obligation to make the payments outlined in this Paragraph 2.

3.    <u>Tax Liability</u>.    Except as otherwise required by applicable law or as otherwise provided herein, Silva agrees that she will be liable for the payment of any taxes, including without limitation, federal, state or local income taxes, social security taxes, or any other taxes, arising out of or resulting from the payments described in Paragraph 2.

4.    <u>Attorneys' Fees and Costs</u>.    Silva acknowledges and agrees that, with the exception of the payment referenced in Paragraph 2(c), she shall be solely responsible for her own attorneys' fees, expenses, and costs in connection with the prosecution of her FLSA claims in the Action.  Under no circumstances shall Silva be deemed a "prevailing party" for purposes of an award of attorneys' fees or costs.

5.    <u>No Effect on Other Benefits</u>. The payments in Paragraph 2 above will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by VSS (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Agreement will be

compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs, and Silva will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown, as part of her release of claims under this Agreement.

6.    Waiver and Release of FLSA Claims by Silva.  For and in consideration of the payments set forth in Paragraph 2 of this Agreement, Silva, individually and on behalf of herself, and her agents, attorneys, personal representatives, executors, administrators, heirs, beneficiaries, successors, and assigns, hereby releases, acquits, forever discharges, and promises not to sue the Released Parties (as defined below) from and for any and all claims, causes of action, costs, damages, and expenses under the FLSA, including but not limited to any FLSA claims related to the payment, non-payment, or late payment of any wages (including overtime, minimum wage, commissions, premiums, statutory penalties, or liquidated damages) or any other requirements of the FLSA.  For purposes of this Agreement, "Released Parties" means (i) VSS; (ii) any of the past, present, and/or future parents, owners, members, shareholders, subsidiaries, divisions, affiliates, successors, assigns, and predecessors of VSS; and (iii) any past, present, and/or future directors, officers, shareholders, insurers, employees, lawyers, agents, and/or employee benefit or welfare programs or plans of any entity in parts (i) or (ii) of this definition.

7.    Dismissal With Prejudice.  For and in consideration of the payments set forth in Paragraph 2 of this Agreement, Silva agrees to dismiss with prejudice her FLSA claims in the Action, and she authorizes her attorneys to take all steps necessary to obtain this dismissal.  To that end, within five (5) business days after the full execution of this Agreement, Silva shall file with the Court a letter motion seeking entry of an order approving this Agreement and dismissing her FLSA claims in the Action with prejudice ("the Approval and Order of Dismissal With Prejudice").  The letter motion will include this Agreement as an attachment.  Silva's counsel will afford VSS's counsel a reasonable time to review and make revisions to the letter motion prior to its filing.  If necessary, the parties will appear before the Court for a hearing related to any of the issues raised by the letter motion.  Silva agrees and understands that the Court's entry of the Approval and Order of Dismissal With Prejudice is a condition precedent to any obligations of VSS to provide the payments described above in Paragraph 2. If the Court declines to grant approval of this Agreement and/or does not otherwise enter the Approval and Order of Dismissal With Prejudice, the Agreement will be null and void, and Silva and VSS shall return to the *status quo ante*.  Silva further agrees not to reinstate any claims under the FLSA or to file, join, opt-in to, or otherwise participate in any other lawsuits, charges, or complaints against the Released Parties involving any claims under the FLSA.

8.    No Confidentiality.  The parties agree that the terms of this Agreement are not subject to any confidentiality obligations and that either party may disclose the terms of this Agreement.

9.    Acknowledgements.  Silva acknowledges that she has been given a reasonable period of time to consider this Agreement, that she has reviewed this Agreement with her attorneys, and that she has obtained all advice and counsel that she needs to understand all terms and conditions of this Agreement.

10.    Complete Agreement.  This Agreement supersedes any and all other previous agreements between Silva and VSS with respect to the settlement, release, and waiver of her FLSA claims.  Silva affirms that the consideration for executing this Agreement includes the payments expressly described herein.  Silva further represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any promise, inducement, representation, or statement by VSS about the subject matter, meaning, or effect of this Agreement that is not otherwise stated in this document.

11.    Governing Law.  The terms of this Agreement shall be governed by, and construed and enforced under, New York state law, without regard to New York's rules with respect to choice of law.

12.    Evidentiary Privilege.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and any other comparable rule of evidence.

13.    Execution.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.  Any party's signature on this Agreement that is transmitted by facsimile or electronic means shall be deemed to be an original.

**THE UNDERSIGNED HAVE CAREFULLY READ THIS FLSA SETTLEMENT AND RELEASE AGREEMENT; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.**

YVONNE SILVA

SIGNATURE

01/05/2022

DATE

**VICTORIA'S SECRET STORES, LLC**

By: _____    DATE: _____

Title: _____

-4-

10.    <u>Complete Agreement</u>.  This Agreement supersedes any and all other previous agreements between Silva and VSS with respect to the settlement, release, and waiver of her FLSA claims.  Silva affirms that the consideration for executing this Agreement includes the payments expressly described herein.  Silva further represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any promise, inducement, representation, or statement by VSS about the subject matter, meaning, or effect of this Agreement that is not otherwise stated in this document.

11.    <u>Governing Law</u>.  The terms of this Agreement shall be governed by, and construed and enforced under, New York state law, without regard to New York's rules with respect to choice of law.

12.    <u>Evidentiary Privilege</u>.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and any other comparable rule of evidence.

13.    <u>Execution</u>.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.  Any party's signature on this Agreement that is transmitted by facsimile or electronic means shall be deemed to be an original.

**THE UNDERSIGNED HAVE CAREFULLY READ THIS FLSA SETTLEMENT AND RELEASE AGREEMENT; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.**

**YVONNE SILVA**

_____

SIGNATURE

_____

DATE

**VICTORIA'S SECRET STORES, LLC**

By:  _____          DATE:  ___January 6, 2022_____
        Denise R. Slazyk

Title:  ___Vice President, Legal_____

-4-